FEDERAL DEFENDER OFFICE
DISTRICT OF RHODE ISLAND
10 WEYBOSSET STREET, 3RD FLOOR
PROVIDENCE, RHODE ISLAND 02903
TELEPHONE 401-528-4281
(FAX) 401-528-4285

RECEIVED
US ATTORNEY
DISTRICT OF RI
2007 FEB 12 A 10:02

February 9, 2007

AUSA Richard Rose
Office of the United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Re: United States v. Fernando Torres

Dear Attorney Rose:

Enclosed please find an executed plea agreement in the case of United States v. Fernando Torres. Mr. Torres has signed the plea agreement with the understanding that it is your agreement that you will not file a motion pursuant to 18 U.S.C. §851 in this case.

If you have any questions please feel free to contact me at (401) 528-4281.

Sincerely,

Mary S. McElroy

Mary S. McElroy
Assistant Federal Defender

**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

January 10, 2006

Mary S. McElroy, Esq.
Federal Defender Office
10 Weybosset Street, Suite 300
Providence, RI 02903

JAN 12 2007

**Re:** U.S. v. Fernando Torres
CR. No. 06-119-ML

Dear Mary:

This letter is to provide you with the discovery required under Rule 16 of the Federal Rules of Criminal Procedure and the Court's standard pretrial discovery order. In addition, this letter contains the government's requests for discovery under Rule 16 and extends a plea offer to your client.

**A. Discovery Under Rule 16**

1. The Defendant did not appear before the grand jury. Your client was video and audio recorded. DVD's marked GX-17, 18 and 19 are attached.

2. The defendant's criminal record is attached.

3. The tangible evidence in the government's possession which is subject to the provisions of Rule 16(a)(1)(E), includes the following:

a. Clear plastic bag containing 54.7 grams of cocaine base; and

b. DEA-6 describing sale of cocaine base.

If you wish to inspect and copy any of the government's evidence not otherwise attached, please let me know and I will make the necessary arrangements. In addition, please be aware that the government may also use diagrams, charts, transcripts, or photographs to facilitate presentation of some of the expected testimony. These items, however, have not yet been prepared and are, therefore, presently unavailable for inspection.

4. DEA Laboratory Report. Forensic Chemist Brian O'Rourke is expected to testify consistent with his report. I will supplement this response if his testimony appears likely.

5. The government did not intercept wire communications to which your client was a party.

6. In addition, regarding the CS, I am advising you of the following. The CS has been paid for his services and information, both for his work in this case and in other matters by the DEA since 2001. The CS has pled guilty to drug distribution charges in U.S. District Court in the District of Rhode Island. He received a downward departure pursuant to USSG § 5K1.1 in that case and was deported. After deportation, the CS was readmitted into the United States with the help of the DEA and has been told the DEA would assist him in obtaining a VISA if he continues to provide truthful cooperation. He has earned approximately $40,000 for all of his work with the DEA.

**2. <u>Government's Discovery Requests and Plea Offer</u>**

1. (a) The government asks that it be permitted to inspect and copy or photograph all tangible evidence which you intend to introduce on behalf of the Defendant during the presentation of your case-in-chief at trial.

   (b) The government asks that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which you intend to introduce on behalf of the Defendant in your case-in-chief at trial, or which were prepared by a witness you intend to present at trial where the results or reports relate to that witness' trial.

(c) The government requests that the Defendant disclose summaries of testimony by any expert witnesses the Defendant expects to call on his behalf at trial.

(d) The government requests that the Defendant provide the notice required under Rule 12.2 of the Federal Rules of Criminal Procedure in the event the Defendant intends to offer a defense of insanity or expert testimony concerning his mental condition.

(e) The government requests that, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, the Defendant provide the government with copies of any and all statements made by witnesses for the defense.

2. As a final matter, the government extends the following plea offer to your client:

If your client pleads guilty to the Indictment, the government will recommend a sentence at the lowest end of the guideline range or the mandatory minimum, whichever is higher. **The government will not seek an enhancement pursuant to 21 U.S.C. § 851 if the plea agreement is accepted prior to the pretrial conference.** Thereafter, this promise will be withdrawn. As you know, the § 851 difference in this case is the difference between a ten-year and a twenty-year mandatory minimum.

For your consideration, I have enclosed a proposed plea agreement. If your client decides to accept it, please have the agreement signed and returned to me. I will then file it and arrange a hearing through the clerk's office.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

RICHARD W. ROSE
Assistant U.S. Attorney

RWR:lms
Enclosures