UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-119ML |
| | ) | |
| FERNANDO TORRES | ) | |

---

## MOTION FOR SENTENCE CONSIDERATION

Now comes Fernando Torres, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the mandatory minimum sentence is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Torres requests the Court impose the minimum sentence of 10 years in prison.

Respectfully submitted
Fernando Torres
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on May 25, 2007.

/s/ Mary S. McElroy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-0119ML |
| | ) | |
| FERNANDO TORRES | ) | |

(REDACTED)
MEMORANDUM IN SUPPORT OF SENTENCING

## I. Introduction

Mr. Torres respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Torres submits this memorandum in support of his Motion for Sentencing Consideration. Mr. Torres requests the Court impose the minimum mandatory sentence in this matter of 10 years incarceration.[1] The proposed sentence adequately addresses society's needs of punishment and deterrence without being longer than necessary.

## II. Procedural Background

On November 1, 2006 Fernando Torres was indicted by a Federal Grand Jury. He was charged in a one count indictment with Possession with Intent to Distribute 50 grams or more of cocaine base. On January 4, 2007 Mr. Torres turned himself into agents of the Drug Enforcement Administration. On that same date he was arraigned and entered a not guilty plea. Thereafter on March 5, 2007 Mr. Torres entered a guilty plea before the Honorable Mary M. Lisi, Chief U.S.

[1]Mr. Torres requests that this court impose the mandatory minimum sentence because no lower sentence is permitted by law at this time. Mr. Torres has requested that the court continue his sentencing to a date beyond November 1, 2007 in the event that Congress acts on the United States Sentencing Commission's recommendation to change the mandatory minimum sentences. Mr. Torres believes that a sentence below 120 months, and in fact below the advisory guideline range in this case, is more appropriate for this case.

District Judge.

## III. Sentencing Considerations

### A. General

In determining the appropriate sentence for a criminal defendant, the Court is bound to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The statute requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence <u>sufficient, but not greater than necessary</u>, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[2] This provision, the so called "parsimony provision," is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a)." *Id* at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the

---

The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> ( c) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

The post *Booker* sentencing process mandated by the first Circuit requires the district court Judge to first consult the guidelines - calculating the appropriate range and to then decide whether or not to exercise discretion and sentence outside of the guideline range, *United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006); United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006)*.

It is Mr. Torres' position that a sentence of 120 months is more than is needed to satisfy the goals of sentencing but asks that the court impose that sentence because no lesser sentence is permitted by the law at this time.

B. Nature of the Offense

Drug trafficking is always a serious crime. Likewise, 10 years in prison is a very significant sentence. Nothing in the facts surrounding this offense indicates that a sentence longer than 10 years would be appropriate.

## IV. The Minimally-Sufficient Sentence

In determining the minimally-sufficient sentence, the Court must decide whether a more severe sentence would better serve the goals of sentencing. The proposed sentence well achieves the goals of deterrence, incapacitation, and respect for the law, and also provides more than adequate time for Mr. Torres to receive the necessary rehabilitative services. Any longer sentence will only frustrate the rehabilitative goal and serve to simply warehouse Mr. Torres at government expense without purpose. As a whole, the facts and circumstances present here warrant the imposition of no more than the mandatory minimum sentence of 10 years in prison.

## V. Conclusion

For all of these reasons, Mr. Torres asks the Court to impose a sentence of 10 years in prison and to recommend that he be allowed to participate in the intensive drug treatment program available in the Bureau of Prisons.

Respectfully submitted
Fernando Torres
By his attorney,

/s/Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Kristin Mattias, United States Probation Officer, and Zechariah Chafee, Assistant United States Attorney, on May 25, 2007.

/s/ Mary S. McElroy